UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOEL BERNABEL,

                              Plaintiff,

                    -against-

ALLIED UNIVERSAL,

                              Defendant.

1:21-CV-0655 (ER)

ORDER OF SERVICE

EDGARDO RAMOS, United States District Judge:

Plaintiff Joel Bernabel, who appears *pro se*, brings this action asserting claims under the Americans with Disabilities Act of 1990 and the New York State and City Human Rights Laws. He sues his former employer, Allied Universal.  The Court construes Plaintiff's complaint as also asserting claims under the Family and Medical Leave Act of 1993.  By order dated February 24, 2021, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).  The Court directs service on Allied Universal.

**DISCUSSION**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).  Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint on Allied Universal until the Court reviewed the complaint and ordered that a summons be issued for Allied Universal.  The Court therefore extends the time to serve Allied

Universal with the complaint until 90 days after the date that a summons is issued for Allied Universal.  If the complaint is not served on Allied Universal within that time, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).") (summary order).

To allow Plaintiff to effect service of the complaint on Allied Universal through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Allied Universal.  The Clerk of Court is further instructed to issue a summons for Allied Universal and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service of a summons and the complaint on Allied Universal.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to: (1) issue a summons for Allied Universal, (2) complete a USM-285 form with the service address for Allied Universal, and (3) deliver all documents necessary to effect service of a summons and the complaint (ECF 2) on Allied Universal to the U.S. Marshals Service.

2

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 26, 2021
         New York, New York

_____
                            EDGARDO RAMOS
                      United States District Judge

## DEFENDANT AND SERVICE ADDRESS

Allied Universal
199 Water Street, Suite 3010
New York, New York 10038