UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────

JOEL BERNABEL

                Plaintiff,

– against –

ALLIED UNIVERSAL SECURITY SERVICES,

                Defendant.

**ORDER**
21-cv-655 (ER)

RAMOS, D.J.:

    *Pro se* Plaintiff Joel Bernabel filed a complaint against Allied Universal[1] on January 25, 2021.  Doc. 2.  The Court granted an application to proceed *in forma pauperis* on February 24, 2021.  Doc. 3.  A summons was issued on February 26, 2021.  Doc. 7.  This summons expired on May 27, 2021.  Doc. 9.  As a result, Bernabel requested an extension of time for the U.S. Marshals to complete service of the complaint and the issuance of a new summons in a May 27, 2021 letter.  *Id.*  On June 1, 2021, the Court granted this request, with a new service deadline of June 24, 2021.  Doc. 10.

    On July 12, 2021, Bernabel requested a second extension of the order because the U.S. Marshals had not yet been able to effect service.  Doc. 11.  The Court granted the extension to August 31, 2021 and directed the Clerk of Court to mail a copy of the Order to Bernabel.  Doc 12.  However, the Order was returned to sender as "not deliverable as addressed unable to forward," and on December 13, 2021, Bernabel was granted a third extension, to January 12, 2022 to effect service.  Doc. 13.

---

[1] On December 14, 2021 Bernabel requested that the defendant's name be updated from Allied Universal to Allied Universal Security Services.  Doc. 15.

On December 14, 2021, Bernabel wrote to the Court with four requests: (1) an extension of the order of service, (2) an update to the defendant's name from "Allied Universal" to "Allied Universal Security Services," (3) a new address for the summons for defendant, and (4) that a correction be made to Bernabel's mailing address. Doc. 14. The last three requests were granted, and the request for an extension of time to effect service was denied— with the deadline to effect service remaining January 12, 2022. Doc. 15.

On December 16, 2021, the Clerk of Court re-issued the summons. Doc. 16. Bernabel did not file proof of service on Allied Universal Security Services. Accordingly, on April 12, 2022, the Court issued an Order directing Bernabel— by no later than May 3, 2022— to either (1) file proof of service, or (2) show cause in writing why a further extension of the time is warranted, otherwise this action would be dismissed without prejudice. Doc. 17.

On September 12, 2022, Bernabel filed a letter making three requests: (1) an update to the defendant's name from "Allied Universal" to "Allied Universal Security Services," (2) an extension on the order of service, and (3) a new address for the summons for defendant. Doc. 19. The Court noted that it previously granted Bernabel's identical requests in Doc. 15. The Court granted its fourth extension, to October 12, 2022. Doc. 19. The Court also informed Bernabel that no further extensions would be granted except on good cause shown and that this action will be dismissed without prejudice unless Bernabel, no later than October 13, 2022, filed proof of service. *Id.* A copy of the Order was mailed to Bernabel on September 14, 2022.

To date, Bernabel has failed to file proof of service or show cause in writing why a further extension of the time is warranted, nor has he had any communication with this Court since September 12, 2022, when he filed his last extension request. Doc. 18. For the reasons set

forth above, the Court dismisses this case for failure to execute service under Federal Rule of Civil Procedure 4(m).

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added).

Accordingly, it is hereby ORDERED that the above-captioned action is dismissed without prejudice. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith; therefore, in forma pauperis status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:  November 15, 2022
        New York, New York

_____
Edgardo Ramos, U.S.D.J.